Submitted March 25, affirmed November 17, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLY DON JOHNSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
071255179; A138789

243 P3d 805

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant was convicted of interfering with a peace officer by refusing "to obey a lawful order." ORS 162.247. On appeal, he raises three assignments of error. First, he argues that the trial court erred in denying his demurrer to the charge because the statute, on its face, violates the Oregon Constitution by requiring the jury to make a legal conclusion as to the order's lawfulness. Second, he maintains that the court erred in not granting his motion for a judgment of acquittal based on the state's failure to prove that he knew the order was lawful. Third, he contends that the court erred in rejecting his proffered jury instruction informing the jurors that they had to decide whether the officer's orders were lawful. We reject all three of defendant's arguments.

The relevant facts are not in dispute. Briefly: Defendant and a codefendant were involved in a physical altercation with Portland police officers who had responded to an interrupted 9-1-1 call indicating that a child might have been in danger within defendant's house. During the altercation, defendant struggled with one of the officers, who then ordered defendant to stop resisting. Defendant did not stop. Backup officers arrived, took control of the situation, and arrested defendant. He was charged with resisting arrest, harassment, and interfering with a peace officer. A jury convicted him on all charges. He appeals only the interference conviction.

Before trial, defendant demurred to the charge of interfering with a peace officer. He argued,

> "ORS 162.247 is invalid on its face. * * * By criminalizing one's refusal to obey a 'lawful order' of a peace officer, ORS 162.247(1)(b) forces a jury to make an *ad hoc* determination between those orders that are lawful and those that are not. Though Article I, section 16[,] empowers juries to acquit defendants whose guilt has been proven beyond a reasonable doubt, it does not provide jurors with a blank slate to determine questions of law on an *ad hoc* basis. * * * Whether a particular * * * 'order' issued by a peace officer is, in fact, lawful is a matter of law. Matters of law are questions for judges to determine."

We agree that whether an order is "lawful" is ultimately a legal question, although—like the question of probable cause—it is a matter of law that can involve prior determination of predicate facts. *See State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993) (probable cause involves legal and factual questions); *State v. White*, 211 Or App 210, 216-17, 154 P3d 124, *rev den*, 343 Or 224 (2007). We also agree that, under Article I, section 16, of the Oregon Constitution, it would be error to allow the jury to decide questions of law. Although the text of the provision states, "In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law," the Oregon Supreme Court long ago explained, "In order to effectuate the clause in the [C]onstitution, 'under the direction of the court as to the law,' it is the plain duty of the jury to accept and apply the law as given them by the court." *State v. Wong Si Sam*, 63 Or 266, 272, 127 P 683 (1912).[1]

■■    The problem with defendant's argument is that, on its face, ORS 162.247(1)(b) is silent with respect to the allocation of duties between the court and the jury:

> "A person commits the crime of interfering with a peace officer or parole and probation officer if the person, knowing that another person is a peace officer or a parole and probation officer as defined in ORS 181.610:
>
> "* * * * *
>
> "(b)   Refuses to obey a lawful order by the peace officer or parole and probation officer."

A demurrer asserting a facial challenge to the constitutionality of a statute is an assertion that the legislature violated

---

[1] The language of the text reflects a compromise reached by the Oregon Constitutional Convention after an intense debate. The provision as originally introduced read, "In all criminal cases whatever the jury shall have the right to determine the law and the facts." The chair of the convention, Judge Matthew Deady, proposed to amend the provision so that it would state, "In all trials by a jury the court shall decide the law, and the jury the facts." A debate ensued, during which one delegate supported the original reading on the ground that Judge Deady's proposal would create a "judicial monarchy," and that "[e]very juryman of sense could understand the law and judge of it just as well as any judge who ever sat upon the bench." The existing language was the result of a compromise. Charles H. Carey, ed., *The Oregon Constitution and Proceedings and Debates of the Constitutional Convention of 1857*, 310-14 (1926).

the constitution when it enacted the statute. The demurrer stands or falls on the statute itself, regardless of any facts, and the challenge can succeed only if there are no circumstances in which the statute could constitutionally be applied. *State v. Pardee*, 229 Or App 598, 600, 215 P3d 870, *rev den*, 347 Or 349 (2009); *Advocates for Effective Regulation v. City of Eugene*, 160 Or App 292, 310, 981 P2d 368 (1999). When a court in a prosecution under ORS 162.247(1)(b) presents only predicate factual questions to a jury but makes the determination regarding the legal effect of those facts on its own—or, in the words of Article I, section 16, directs the jury with respect to legal questions—no violation of Article I, section 16, occurs. We therefore reject defendant's facial challenge.

In a second assignment of error, defendant argues that the state needed to prove that he knew or should have known that the order he refused to obey was lawful. We rejected that argument in *State v. Ruggles*, 238 Or App 86, 349 P3d 601 (2010).

■ Finally, defendant argues that the court erred by refusing to give the jury the following instruction:

> "The state must provide evidence that the order given by the officers was lawful. The order must be based on the Federal or State Constitutions, or in the laws for the State of Oregon. If the Defense contends the lawfulness of the order, the State must disprove, beyond a reasonable doubt, that the order was lawful."

Instead of that instruction, the court gave the following one:

> "A person commits the crime of interfering with a peace officer if the person, knowing that the other person is a peace officer, knowingly refuses to obey a lawful order by the peace officer. To establish the offense of interfering with a police officer * * * the State must prove the following four elements: One, the act occurred in Multnomah County, Oregon; two, it occurred on or about December 9th, 2007; three, [defendant] knowingly refused to obey a lawful order by the peace officer; and four, [defendant] knew that Officer Anderson was a peace officer."

On appeal, defendant characterizes his assignment of error as follows: "The trial court erred by failing to instruct the jury

that it had to find that the officers' orders were lawful." We reject this assignment of error for several reasons, each of which is independently adequate. First, the proposed instruction, particularly the last sentence, was likely to confuse the jury. Did defendant mean "contest" and not "contend"? Did he mean that the state had to *prove*, not *disprove*, that "the order was lawful"? Does the instruction, in fact, tell the jury that it has to find that the order was lawful? Second, although defendant offered the instruction, he did not except to the court's failure to give it "immediately after the court instructed the jury." ORCP 59 H(1) (made applicable to criminal cases by ORS 136.330(2)).

Affirmed.